*In re* REGLAMENTO PARA LA ASIGNACIÓN DE ABOGADOS O ABOGADAS DE OFICIO EN PROCEDIMIENTOS DE NATURALEZA PENAL.

*Número:* ER-98-8          *Resuelto:* 30 de junio de 1998

## RESOLUCIÓN

Durante la Sesión Especial de este Tribunal de 19 de marzo de 1998, consideramos y deliberamos sobre el Informe y Reglamento presentado por el Comité Asesor sobre Asignación de Abogados de Oficio en Causas Criminales y las recomendaciones surgidas durante la Conferencia Judicial en la cual fue discutido.

En virtud del poder inherente del Tribunal Supremo de Puerto Rico para regular el ejercicio de la abogacía; del mandato constitucional de que se provea adecuada y efectiva asistencia legal a todo imputado de delito —Art. II, Sec. 11, Const. E.L.A., L.P.R.A., Tomo 1; Emda. VI, Const. EE. UU.—; de lo dispuesto en el Canon 1 del Código de Ética Profesional sobre la prestación de servicios legales gratuitos a indigentes, según complementado por el Canon 38 (4 L.P.R.A. Ap. IX), y compatible con la norma de *Ramos Acevedo v. Tribunal Superior*, 133 D.P.R. 599 (1993), se aprueba el Reglamento para la Asignación de Abogados o Abogadas de Oficio en Procedimientos de Naturaleza Penal, el cual se une a esta resolución.

*Se ordena la publicación de la presente resolución.*

Lo acordó el Tribunal y certifica la Secretaria del Tribunal Supremo. El Juez Asociado Señor Negrón García emitió un voto explicativo. El Juez Asociado Señor Fuster Berlingeri no intervino.

(*Fdo.*) Isabel Llompart Zeno
*Secretaria del Tribunal Supremo*

— o —

Voto explicativo del Juez Asociado Señor Negrón García.

I

Preocupa que las reglas aprobadas hoy —con las cuales no tenemos reparos significativos— *no superen la carga selectiva y discriminatoria que representa imponer sólo a los abogados penalistas la representación de oficio de los indigentes.* El deber ético en que esa obligación se funda, en su origen, *es de todos los abogados. Ramos Acevedo v. Tribunal Superior,* 133 D.P.R. 599 (1993), opinión disidente.

*Necesidad, por sí sola, no siempre es fundamento de constitucionalidad.* Estamos ante un paliativo económico que únicamente se activa después de haberse materializado y consumado ese desigual e injusto tratamiento. *Un discrimen no deja de serlo porque se reglamente.*[1]

---

[1] A corto y largo plazo, debería estudiarse el costo que la implantación del Reglamento para la Asignación de Abogados o Abogadas de Oficio en Procedimientos de Naturaleza Penal conlleva para el Estado. Quizás se justifique crear una entidad paralela, pero separada de la Sociedad para Asistencia Legal, que en situaciones apropiadas pueda también complementar la representación legal de indigentes en lo penal.

## II

Más allá del ámbito penal, no debemos ignorar las realidades de la gran masa de puertorriqueños pobres que diariamente carecen de asesoramiento legal en lo civil para canalizar adecuadamente sus necesidades. Se exponen constantemente a que se les dispense justicia en estado de indefensión.

*La presente generación de jueces y abogados no debe dejar pasar la ocasión histórica de extender representación gratuita a los pobres del país en causas civiles.* En fin, "la *única* forma en que puede sostenerse la validez de la designación de abogados de oficio en el área de lo criminal es imprimirle *al abogado, como clase, una nueva dimensión y retomar conciencia solidarista de que es un instrumento de la paz social, forjador dinámico del derecho y socio-gestor de la justicia.* Exige adoptar un sistema integral, abarcador y compulsorio mediante el cual todo abogado —salvo excepciones justificadas— *provea un mínimo anual de servicios a los pobres*". (Énfasis suplido y en el original.) *Ramos Acevedo v. Tribunal Superior*, supra, pág. 625, opinión disidente.

Como misteriosa magia que en boca de todos se ha puesto de moda, ¿habrá que esperar el *nuevo milenio?*